IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM CURTIS THOMPSON                                      PLAINTIFF

V.                              CASE NO. 5:19-CV-05110

JOHN DOE #1; NURSE KELLY HINELY;
CARLA CINK, Food Prep Supervisor;
SHERIFF TIM HELDER, Washington County,
Arkansas; and JUDGE WILLIAM STOREY              DEFENDANTS

## OPINION AND ORDER

Plaintiff, William Curtis Thompson filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"). The PLRA modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state claims upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Thompson is incarcerated in the Washington County Detention Center ("WCDC"). Thompson maintains he is being denied his medication for diabetes and heart disease. He also maintains that he is being denied a proper diabetic diet. Finally, Thompson asserts the jail is overcrowded and that inmates are forced to sleep and eat on the floor. As relief, Thompson seeks compensatory and punitive damages.

1

A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Other than listing Judge William Storey as a Defendant, the Complaint contains no allegations against Judge Storey. Therefore, no plausible claim is stated against him. Moreover, judges are immune from suit for any actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

For the reasons stated, the claims asserted against Judge Storey are subject to dismissal because they are frivolous, fail to state claims upon which relief may be granted, or are against a Defendant immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). These claims are **DISMISSED**, and the Clerk is directed to **TERMINATE** Judge Storey as a Defendant.

**IT IS SO ORDERED** on this 13th day of August, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

2