IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM CURTIS THOMPSON                                             PLAINTIFF

V.                              CASE NO. 5:19-CV-05110

JOHN DOE #1; NURSE KELLY HINELY;
CARLA CINK, Food Prep Supervisor; and
SHERIFF TIM HELDER, Washington County,
Arkansas                                                            DEFENDANTS

## OPINION AND ORDER

Plaintiff, William Curtis Thompson ("Thompson"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP").

The case is before the Court on a Motion to Dismiss (Docs. 25 & 33) filed by Separate Defendant Carla Cink.[1] Thompson responded (Docs. 32 & 36) to the Motion. The Motion is ready for decision.

### I. BACKGROUND

The claims asserted by Thompson arose while he was incarcerated in the Washington County Detention Center ("WCDC"). Thompson asserts three separate claims. In his first claim, Thompson alleges that on May 9, 2019, he advised John Doe #1 and/or Nurse Hinely that he needed his heart medication and insulin. Thompson

---

[1] Because Separate Defendant Carla Cink's Motion relied on the grievance procedure of the Arkansas Department of Correction, she was asked to supplement her motion to explain why these rules applied to an inmate of a county jail. (Doc. 31). A supplement (Doc. 33) to the Motion to Dismiss was subsequently filed.

1

states he was advised to put his request for medication on the kiosk. Thompson alleges he was without his insulin for four days and without his heart medication for ten days. In his second claim, Thompson alleges that from May 9, 2019, until May 20, 2019, the jail was overcrowded, and he was forced to sleep and eat on the floor. This claim is brought against Sheriff Helder. In his third claim, Thompson alleges that from May 9, 2019, until May 20, 2019, he was denied his medical diet. This claim is brought against Carla Cink, the food preparation supervisor, and Nurse Hinely. As relief, Thompson seeks compensatory damages.

## II. DISCUSSION

Defendant Cink maintains the claims against her are subject to dismissal based on Thompson's failure to exhaust his administrative remedies prior to filing suit. Thompson disagrees arguing that the exhaustion provisions do not apply to him because he was not incarcerated when he filed suit. The Court agrees.

Thompson filed his Complaint (Doc. 1) on June 5, 2019. On page two of his Complaint, Thompson indicates his place of current confinement is the WCDC. However, on that same page in the section entitled "Parties," Thompson lists his address as 1711 W. Reap Drive, Apt. 11C, Fayetteville, Arkansas 72703. In question one of the application to proceed IFP (Doc. 2), Thompson is asked to state where he is being held if incarcerated, and Thompson responds that he "was" being held in the WCDC. Thompson also wrote on the certificate of inmate account and assets the following: "I have no bank account."

The Court initially ordered Thompson to submit an amended IFP application (Doc.

2

3) because the Court believed he was then incarcerated. However, after further review, the Court granted the original IFP application and noted that it appeared clear that Thompson was not, in fact, incarcerated. See Doc. 5.

The exhaustion provision of the Prison Litigation Reform Act ("PLRA") is contained in 42 U.S.C. § 1997e(a) and provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Porter v. Nussle, 534 U.S. 516, 524-25 (2002). However, the exhaustion provision only applies if the plaintiff is a prisoner *at the time he files suit*. Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (finding that "exhaustion requirement does not apply to plaintiffs who file § 1983 claims after being released from incarceration"). As noted above, Thompson filed the lawsuit *after* he was released from incarceration. Therefore, the exhaustion provision does not apply.

### III. CONCLUSION

For the reasons stated, the Motion to Dismiss (Docs. 25 & 33) filed by Separate Defendant Carla Cink is **DENIED**.

**IT IS SO ORDERED** on this 11th day of February, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE